1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLAUDIA TOPETE,                          No.  2:17-cv-0050 DB P

12                  Petitioner,

13        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   D.G. ADAMS,

15                  Respondent.

16

17        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus

18   under 28 U.S.C. § 2254, alleging the trial court imposed an illegal sentencing enhancement.

19   Before the court is petitioner's amended petitions for screening.  (ECF Nos. 5, 7.)  For the reasons

20   set for the below, the court will recommend that the petition be dismissed.

21                                    **BACKGROUND**

22        Petitioner initiated this action in January of 2017 by filing a petition for a writ of habeas

23   corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Therein, petitioner challenged her 2011

24   conviction and sentence rendered by the San Joaquin Superior Court.  The court screened and

25   dismissed the petition with leave to amend because petitioner's sole claim for relief alleged only a

26   violation of California state sentencing law.  (ECF No. 4.)  Thereafter, petitioner filed a First

27   Amended Petition (ECF No. 5), a memorandum in support of the amended petition (ECF No. 6),

28   and a Second Amended Petition (ECF No. 7).  Review of all three documents shows the Second

                                               1

Amended Petition contains the memorandum in support of the petition (ECF No. 7 at 13-14) and is in all other respects identical to the First Amended Petition.  All further references to the petition shall be to the Second Amended Petition because, as a general rule, an amended pleading supersedes the original pleading.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal); see also Rule 12, Rules Governing Section 2254 Cases (The Federal Rules of Civil Procedure apply to habeas proceedings "to the extent they are not inconsistent with any statutory provisions or the rules.").

Petitioner asserts one ground for habeas relief in her amended petition: That the trial court imposed an illegal enhancement as to count 1 of her conviction.  (ECF No. 7 at 4.)  Petitioner claims the imposition of the illegal enhancement violates her right to due process and her right to fair sentencing.  (ECF No. 7 at 13.)  Petitioner requests that the illegal enhancement be eliminated.  (ECF No. 7 at 14.)

## SCREENING

### I.      Legal Standards

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted.  28 U.S.C. § 1915A(b)(1),(2).  This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"  Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S.

89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.")

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Although, as stated above, pro se petitions receive less scrutiny for precision than those drafted by lawyers, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings ... Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement[.] ... Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.") Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204–05 (9th Cir.1995); James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

## II.     Federal Habeas Corpus Relief Does Not Lie for Errors of State Law

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997)). Section 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. §

2254(a) states, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). A federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the United States constitution or federal law. Swarthout v. Cooke, 562 U.S. 216, 219 (2011).

"Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) (citation omitted). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that such an alleged state sentencing error was "'so arbitrary or capricious as to constitute an independent due process'" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also Moore v. Chrones, 687 F.Supp.2d 1005, 1041 (C.D. Cal. 2010) (claim of state sentencing error not cognizable unless error so arbitrary and capricious as to rise to level of due process violation (citing Richmond, 506 U.S. at 50)).

////

////

4

### III.    Analysis

Petitioner entered a plea of guilty to violations of California Penal Code § 207(a) (kidnapping), § 211 (second degree robbery), and § 245(a)(1) (assault with a deadly weapon) on August 29, 2011.  (ECF No. 1 at 18.)  She additionally admitted to an enhancement under Penal Code § 186.22(b)(1) in connection with her guilty plea to violation of § 207(a), kidnapping.  (Id. at 20-21.)  Penal Code § 186.22 "punishes '[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang. . . ."  People v. Rodriguez, 55 Cal.4th 1125, 1130 (2012).

Petitioner alleges that the trial court imposed a ten-year enhancement under California Penal Code § 186.22(b)(1) and did not further specify which subdivision she was sentenced under or justify the imposition of the ten-year enhancement.  (ECF No. 7 at 13.)  She claims the court should have imposed an enhancement under § 186.22(b)(1)(B) and that no other subdivision under § 186.22 applies to her.  Section 186.22(b)(1)(B) imposes an additional five-year enhancement where an individual is convicted of a serious felony as defined in subdivision (c) of § 1192.7.  Kidnapping is listed as a serious felony under Penal Code § 1192.7(c)(20).

However, § 186(b)(1)(C) provides for a ten-year enhancement "if the felony is a violent felony, as defined in subsection (c) of Section 667.5."  Kidnapping is also listed as a violent felony pursuant to § 667.5(c)(14).  Accordingly, petitioner's claim that no other subdivision of § 186.22 applies to her is not correct and the imposition of a ten-year enhancement was authorized under California state law.  Further, even if petitioner should have been sentenced under § 186.22(b)(1)(B) instead of §186.22(b)(1)(C), she has alleged at most a violation of state sentencing law which is not remediable on federal habeas review.

A mere error by a state court in the interpretation or application of its own state's sentencing laws, without more, is not a cognizable ground for relief in a federal habeas corpus proceeding.  See, e.g., Lewis, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993) (rejecting federal habeas claim that sentencing court erred when it failed to "merge" multiple convictions under

state law because "[t]here is no federal Constitutional right to merger of convictions for purposes of sentencing," and Petitioner's claim was "exclusively concerned with state law and therefore [was] not cognizable in a federal habeas corpus proceeding" (bracketed material added)); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether assault with deadly weapon was serious felony under state enhancement statute was state law question not cognizable on federal habeas review).

In limited circumstances, a sentencing error may provide a basis for habeas relief if it is "so arbitrary or capricious as to constitute an independent due process" violation. Richmond, 506 U.S. at 50 (citing Lewis, 497 U.S. at 780); see also Christian, 41 F.3d at 469 ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). However, a habeas petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997). Petitioner claims her due process rights were violated, however, she has shown nothing more than a disagreement in the application of California state sentencing law. Petitioner's sole ground for relief alleged is not cognizable and the court cannot provide relief. Accordingly, the court will recommend that the petition be dismissed.

## CONCLUSION

For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that this action be dismissed because petitioner's sole ground for relief alleged is not cognizable under § 2254.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, petitioner may address whether a

certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  January 8, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas/tope.0050.scrn2